UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| WILLIS RAY BELLOW | CIVIL ACTION NO. 06-2039 |
|---|---|
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| FLEETWOOD MOTOR HOMES, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **doc. # 17**, referred to me by the district judge for report and recommendation.

Facts

This is a suit for damages against the manufacturer, Fleetwood Motor Homes (Fleetwood), and retail seller, Kite Bros., LLC (Kite), of a motor home, and a fictitious defendant. Plaintiff claims injuries when he rode as a guest passenger in a motor home which he did not own and which, he alleges, leaked carbon monoxide gas into the passenger compartment.

The case was filed in the 10th Judicial District Court, Natchitoches Parish, Louisiana and was timely removed to this court by defendant, Fleetwood, based on diversity jurisdiction. In the notice of removal, Fleetwood alleges that the retail seller, Kite Bros., LLC, a Louisiana company, was impermissibly joined and its residence should be disregarded for purposes of diversity jurisdiction.[1]

Plaintiff filed this motion to remand asserting that he has alleged in the petition that Kite, the retailer, knew or should have known of the defect in the motor home and failed to warn and that, under Louisiana law, a non-manufacturer seller of a defective product is responsible if he knew or

---

[1] Defendant also suggests, correctly, that the fictitious defendant may be ignored for purposes of determining whether complete diversity exists. 28 U.S.C. 1441(a).

should have known the product was defective and failed to declare it. Defendant opposes the motion and suggests that under Louisiana Civil Code Article 2545, dealing with redhibitory defects, the plaintiff is not a purchaser and therefore Kite can have no liability under the article to him. Defendant further suggests that, under Louisiana's products liability laws, Kite is not a manufacturer and therefore cannot be liable to plaintiff for a defective product.

## Legal Framework

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. McKee v. Kansas City Southern Railway Co., 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the retailer, Kite. Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385

2

F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. Travis, 326 F.3d at 648.

### Analysis

It is undisputed that the motor home was manufactured by Fleetwood and that Kite sold the home to the purchaser who is not the plaintiff. It is not clear whether plaintiff claims that Kite is liable under the Louisiana Products Liability Act (LPLA), but clearly it could not be. For the Act establishes the exclusive theories of liability for manufacturers for damage caused by their products. Kite does not meet the definition of manufacturer set forth in the Act. LSA-R.S. 9:2800.53 and the Act only applies to manufacturers.

Rather, plaintiff argues that Kite is liable under a negligence theory.[2] Under Louisiana law, a non-manufacturer seller of a product has a duty to warn a purchaser only of defects of which it knows or should have known.[3] However, unlike the manufacturer, it is not presumed to have knowledge of defects and a seller is not required to inspect a product to determine the possibility of non-apparent defects. Kelley v. Price-Macemon, Inc., 992 F.2d 1408 (5th Cir. 1993), cert. den., 114 S.Ct. 688 (1994); Hopper v. Crown, 555 So.2d 46 (La. App 1st Cir. 1989). There is no duty to warn against dangers which are obvious or of which the buyer should be aware. Hopper, supra; Delanzo

---

[2] Although in brief defendant assumes that plaintiff bases his arguments on Article 2545 of the Civil Code, found in the chapter on redhibition, in fact plaintiff bases his argument on Article 2315, dealing with negligence.

[3] The rule has been applied to consumers as well as to purchasers. See, for example, Kelley, cited in the text in this paragraph and Viator v. P & A Well Service, Inc., 615 So.2d 51 (La. App. 3rd Cir. 1993).

3

v. ABC Corp., 572 So.2d 648 (La. App. 5th Cir. 1990).

Therefore, in order for plaintiff to prove Kite liable, he would have to show that Kite knew or should have known of a defective condition, or of a potentially defective condition.[4] In support of his motion, plaintiff has attached Kite's answers to interrogatories in which Kite explains that it completes a pre-delivery inspection checklist provided by and required by Fleetwood. Plaintiff also attaches a copy of the checklist applicable to this motor home. Defendant has filed the affidavit of Mr. Kite, the owner of Kite, in which Mr. Kite states that he had no knowledge of any defects in the motor home when it was sold.

Plaintiff has failed to show that Kite knew or should have known of a defect. The bare allegations made in his petition and proof that Kite completed a pre-delivery checklist does not provide a reasonable basis to predict that plaintiff might be able to recover against Kite. Smallwood, supra. There is no indication that the pre-delivery inspection was for the purpose of looking for hidden defects. Rather the plaintiff has simply asserted a legal conclusion without alleging facts which would tend to predict recovery from defendant Kite. See Hopper, supra; Strickland v. Brown Morris Pharmacy, Inc., 1997 WL 587760 (E.D.La. 1997). There are no factual disputes to resolve and no request for discovery on the remand issue has been requested by plaintiff.

Finally, plaintiff alleges that because Kite is a "professional vendor" recovery may be had against it as a manufacturer. However, since the passage of the LPLA, there is no legally recognized status as professional vendor. See Hoerner v. ANCO Insulations, Inc. 812 So.2d 45 (La. App. 4th cir., 2002). To the extent that the LPLA, in defining "manufacturer" in § 2800.53(1)(b) accomplishes the same thing as professional vendor status, Kite does not meet the definition of manufacturer. There

---

[4] See discussion in Kelley, supra, at p. 1414; Hopper, supra.

4

is no evidence that Kite holds out the motor homes as its own and the mere fact, as suggested by plaintiff, that it performed a pre-delivery inspection does not change its status to that of manufacturer.

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion to remand be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 13TH day of April, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE